DOHERTY, CLIFFORD & SHENFIELD, INC., Respondent, v. TABARD PRESS CORPORATION et al., Appellants.— It may be the intent of the complaint to allege that defendant Brander was the agent of plaintiff in dealing with the other defendants, but as both the first and second causes of action must rest upon the existence of such an agency, and as the second cause of action is based upon a penal

statute, the applicability of which is dependent upon the existence of a master and servant relationship, the pleading should be clear and not leave the necessary relationship to doubtful inference. It is alleged that Brander was authorized and directed by plaintiff to obtain price quotations from defendant Tabard and that Brander was authorized by plaintiff to place an order with Tabard. These allegations are not unequivocal in alleging that Brander was plaintiff's agent, and they are consistent with his action in some other and different capacity. It is further alleged that subsequently Brander, acting for and on behalf of plaintiff, placed additional orders with Tabard. This allegation is more indicative of an agency, but taken together with the other allegations it does not leave the pleading with that clarity which the nature of the causes of action require, particularly considering that a strict construction is required by the criminal statute involved. Orders, so far as appealed from, reversed, with $20 costs and disbursements to the appellants, and the complaint dismissed, with leave to the plaintiff to serve an amended complaint within twenty days after service of a copy of the order with notice of entry thereof upon payment of said costs. Present — Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ.; Cohn, J., dissents and votes to affirm.